IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAWRENCE ZAMORA,

      Plaintiff,

vs.                                                                                                                               No. CIV 23-0652 JB/JFR

THE BOARD OF COUNTY
COMMISSIONERS, COUNTY OF
BERNALILLO; METROPOLITAN
DETENTION CENTER; JASON JONES,
Chief;   SERGIO SAPIEN, Assistant Chief;
CITY OF ALBUQUERQUE and TIM
KELLER, Mayor,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Lawrence Zamora's failure to prosecute his Untitled Letter-Pleading Regarding Civil Rights Violations. See Untitled Letter-Pleading Regarding Civil Rights Violations (dated June 27, 2023), filed August 7, 2023 (Doc. 1)("Letter-Pleading"). The Honorable John F. Robbenhaar, United States Magistrate Judge for the United States District Court for the District of New Mexico, directed Zamora to file a complaint on the 42 U.S.C. § 1983 form pleading and address the civil filing fee, as 28 U.S.C. § 1915(a) requires. See Order to Cure Deficiencies, filed October 10, 2023 (Doc. 3)("Cure Order"). Because Zamora failed to comply, and having reviewed applicable law and the record, the Court will dismiss this case without prejudice.

## BACKGROUND

Zamora commenced this case on August 7, 2023, while detained at the Metropolitan Detention Center ("MDC") in Albuquerque, New Mexico. See Letter-Pleading at 2. In the

Letter-Pleading, Zamora states that he wishes to file a complaint for the violation of his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights and requests a form complaint under 42 U.S.C. § 1983.  See Letter-Pleading at 1.  The Clerk's Office mailed Zamora a blank 42 U.S.C. § 1983 civil rights complaint and a blank motion to proceed in forma pauperis on August 8, 2023. Zamora did not initially return the completed complaint or address the civil filing fee.

The Court referred this matter to Magistrate Judge Robbenhaar for recommended findings and disposition, and to enter non-dispositive orders.  See Order of Reference Relating to Prisoner Cases, filed August 8, 2023 (Doc. 2).  By a Cure Order entered October 10, 2023, Magistrate Judge Robbenhaar fixed a deadline of November 9, 2023, for Zamora to: (i) file a completed civil rights complaint; and (ii) prepay the $402.00 filing fee or, alternatively, submit an in forma pauperis motion that attaches an account statement reflecting transactions for a six-month period. See Cure Order at 1.  The Cure Order warns that the failure timely to comply with both directives may result in dismissal of this case without further notice.  See Cure Order at 1.

Zamora did not file a complaint, pay the filing fee, or file a motion to proceed in forma pauperis by the November 9, 2023, deadline.  Zamora did not show cause for such failure or otherwise respond to the Cure Order.  The Court therefore will consider whether to dismiss this matter for failure to prosecute and to comply with the Cure Order.

**ANALYSIS**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b).  See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly

has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." (quoting Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002)).  As the United States Court of Appeals for the Tenth Circuit has explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ." Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007).  "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders."  Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice."  Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009).  If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."  Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d 1158, 1162 (10th Cir. 2016)("Nasious").  Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria."  Nasious, 492 F.3d at 1162.  Those criteria include: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."  Nasious, 492 F.3d at 1162 (quoting Olsen v. Mapes, 333 F.3d at 1204).

Here, Zamora has not filed a complaint or addressed the civil filing fee, as the Cure Order

and 28 U.S.C. § 1915(a) require. In light of these failures, the Court dismisses the Letter-Pleading pursuant to rule 41(b) for failure to prosecute. See <u>Olsen v. Mapes</u>, 333 F.3d at 1204. After the Court's consideration of the factors in <u>Nasious,</u> the dismissal will be without prejudice.

**IT IS ORDERED** that: (i) the Plaintiff's Untitled Letter-Pleading Regarding Civil Rights Violations (dated June 27, 2023), filed August 7, 2023 (Doc. 1), is dismissed without prejudice; and (ii) the Court will enter a separate Final Judgment disposing of this civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Lawrence Zamora
Albuquerque, New Mexico

    *Plaintiff pro se*